**Mark Allen VANDERHOOF, Petitioner—Appellant,**

v.

**Frank THOMPSON, Respondent—Appellee.**

No. 01–35559.
D.C. No. CV–99–00191–CO.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2002.

Decided Dec. 23, 2002.

Before REAVLEY,* KOZINSKI and W. FLETCHER, Circuit Judges.

---

* Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

MEMORANDUM **

Although we agree with petitioner that the district court erred in holding his case moot, we nonetheless reject his habeas petition because his ex post facto claim is without merit. *See Downs v. Hoyt,* 232 F.3d 1031, 1036 (9th Cir.2000).

Vanderhoof does not dispute that when the Oregon Board of Parole ("Board") postponed his release date in 1996, it applied the version of Oregon Revised Statute (ORS) 144.125(3) in effect at the time of his offense. He instead argues that the Board reinterpreted the statute's meaning—and thus changed the law—between the time of his offense and his parole hearing. Yet petitioner only offers proof that a few Board members may have informally interpreted the statute differently when he was convicted; he does not show that the law, as formally interpreted by the Board or the courts, has changed. Because the petitioner has failed to establish that the law applied to him in 1996 differed from the law in effect at the time he committed his offense, *see Merrill v. Johnson,* 155 Or.App. 295, 964 P.2d 284 (Or.Ct. App.1998) (adopting *Weidner v. Armenakis,* 327 Or. 317, 966 P.2d 220 (Or.Ct.App. 1998)), his ex post facto claim must fail.

AFFIRMED.

** This disposition is not appropriate for publi- cation and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

